**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

BRENDA L. CASEY, :

Plaintiff, :

vs. : CA 07-0878-C

MICHAEL J. ASTRUE, :
Commissioner of Social Security,
:
Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claims for disability insurance benefits and supplemental security income. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. 636(c), for all proceedings in this Court. (Doc. 19 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case . . . order the entry of a final judgment, and conduct all post-judgment proceedings."); *see also* Doc. 20 (order of reference)) Upon consideration of

the administrative record, plaintiff's proposed report and recommendation, the Commissioner's brief, and the parties' arguments at the June 18, 2008 hearing before the Court, it is determined that the Commissioner's decision denying plaintiff benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[1]

Plaintiff alleges disability due to degenerative disc disease with pain in her back, shoulders, knees, and pelvic area. The Administrative Law Judge (ALJ) made the following relevant findings:

> **3. The claimant has the following severe impairments: degenerative disc disease (20 CFR 404.1520(c) and 416.920(c)).**
>
> **4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).**
>
> **5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work activity which involves lifting and/or carrying no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.**

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 19 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

. . .

**6. The claimant has past relevant work experience as a waitress. Since the Administrative Law Judge has found that she can perform sedentary work activity she is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).**

**7. The claimant was born on March 9, 1966 and was 39 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).**

**8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).**

**9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).**

**10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c) and 416.966).**

In determining whether a successful adjustment to other work can be made, the undersigned must consider the claimant's residual functional capacity, age, education, and work experience in conjunction with the Medical-Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 2. If the claimant can perform all or substantially all of the exertional demands at a given level of exertion, the medical-vocational rules direct a conclusion of either "disabled" or "not disabled" depending upon the claimant's specific vocational profile (SSR 83-11). When the claimant cannot perform substantially all of the exertional demands of work at a given level of exertion and/or has nonexertional limitations, the medical-vocational

> rules are used as a framework for decision-making unless there is a rule that directs a conclusion of "disabled" without considering the additional exertional and/or nonexertional limitations (SSRs 83-12 and 83-14). If the claimant has solely nonexertional limitations, section 204.00 in the Medical-Vocational Guidelines provides a framework for decision-making (SSR 85-15).
>
> Based on a residual functional capacity for the full range of sedentary work, considering the claimant's age, education, and work experience, a finding of "not disabled" is directed by Medical-Vocational Rule 201.24.
>
> **11. The claimant has not been under a disability, as defined in the Social Security Act, from June 23, 2005 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).**

(Tr. 23 & 28-29 (emphasis in original)) The Appeals Council affirmed the ALJ's decision (Tr. 4-6) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## DISCUSSION

In all Social Security cases, the claimant bears the burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id*. at 1005.

Once the claimant meets this burden, as here, it becomes the Commissioner's burden to prove that the claimant is capable, given her age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Court is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can perform the full range of sedentary work and is not disabled under Grid Rule 201.24, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

In this case, plaintiff contends that the following errors were made: (1) the ALJ erred in failing to follow the opinion of her treating physician; (2) the ALJ erred in failing to properly evaluate her subjective complaints of pain; and (3) the ALJ failed to provide rationale for his finding that she can perform the

full range of sedentary work. Because the undersigned agrees with the plaintiff that the ALJ erred in relying upon the administrative notice of jobs to shoulder his fifth-step burden, as opposed to obtaining the services of a VE, this Court need not consider the other error raised by Casey. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants a reversal,' we do not consider the appellant's other claims.").

It has long been recognized in this circuit that the Commissioner of Social Security must develop "a full and fair record regarding the vocational opportunities available to a claimant." *Allen v. Sullivan,* 880 F.2d 1200, 1201 (11th Cir. 1989) (citation omitted). The Commissioner must articulate specific jobs that the claimant can perform given her age, education and work history, if any, "and this finding must be supported by substantial evidence, not mere intuition or conjecture." *See id.* (citation omitted). One means by which the Commissioner meets this burden is by reliance on the medical-vocational guidelines ("grids"). *Id.* at 1201-1202 (citations omitted). Exclusive reliance upon the grids is inappropriate, however, "'"either when the claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work

skills."'" *Id*. at 1202 (quoting *Walker v. Bowen,* 826 F.2d 996, 1002-1003 (11th Cir. 1987), in turn quoting *Francis v. Heckler*, 749 F.2d 1562, 1566 (11th Cir. 1985)). Normally, when non-exertional limitations are alleged "the preferred method of demonstrating that the claimant can perform specific work is through the testimony of a vocational expert." *MacGregor v. Bowen,* 786 F.2d 1050, 1054 (11th Cir. 1986); *see Francis*, 749 F.2d at 1566 ("The preferred method of demonstrating job availability when the grids are not controlling is through expert vocational testimony"). "'It is only when the claimant can clearly do *unlimited* types of light work . . . that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy.'" *Allen*, 880 F.2d at 1202 (quoting *Ferguson v. Schweiker*, 641 F.2d 243, 248 (5th Cir. Unit A March 30, 1981)); *see also Foote v. Chater,* 67 F.3d 1553, 1559 (11th Cir. 1995) ("If the grids are inapplicable, the Secretary must seek vocational expert testimony."). Where non-exertional impairments are present "[t]he ALJ must '"make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations."'" *Foote, supra*, 67 F.3d at 1559 (citations omitted). "If nonexertional impairments exist, the ALJ may use

Medical-Vocational Guidelines as a framework to evaluate vocational factors, but must also introduce independent evidence, preferably through a vocational expert's testimony, of existence of jobs in the national economy that the claimant can perform." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002), citing *Wolfe v. Chater*, 86 F.3d 1072, 1077-1078 (11th Cir. 1996). More recently, in *Phillips v. Barnhart*, 357 F.3d 1232, 1242 (11th Cir. 2004), the Eleventh Circuit reiterated its earlier holding that "'[e]xclusive reliance on the grids is not appropriate *either* when [the] claimant is unable to perform a full range of work at a given residual functional level *or* when a claimant has non-exertional impairments that significantly limit basic work skills[,]" and held that "[i]f *either* condition exists, the ALJ [is] required to consult a vocational expert." The *Phillips* court held that if an ALJ determines that a claimant's nonexertional limitations "significantly limit her basic work skills at the sedentary work level, then the ALJ **must** consult a vocational expert." *Id*. at 1243.

Here, the ALJ made no specific finding regarding whether Casey's non-exertional limitations permit her to perform the full range of sedentary work and, because pain is regarded as a non-exertional impairment, *Foote, supra*, 67 F.3d at 1559 ("Pain is a nonexertional impairment."); *see Phillips, supra*,

357 F.3d at 1242 n.11 ("Nonexertional limitations or restrictions affect an individual's ability to meet the other demands of jobs and include mental limitations, pain limitations, and all other physical limitations that are not included in the seven strength demands."), the ALJ erred in failing to consult a vocational expert to determine what sedentary jobs, if any, the claimant can perform given her exertional and non-exertional impairments and limitations. On remand, the ALJ should follow *Phillips*, and prior Eleventh Circuit precedent, and obtain the services of a vocational expert in order to attempt to satisfy the Commissioner's fifth-step burden of establishing what work activity, if any, Casey is capable of performing given her exertional and non-exertional impairments and limitations.[2]

[2] On remand, the ALJ need recognize that "at bottom" this is a pain case and should take particular note of same when questioning the vocational expert ("VE"). Even assuming the correctness of the ALJ's determination that plaintiff's pain is not disabling in and of itself, the evidence of record overwhelmingly establishes that Casey's primary limiting impairment is her chronic pain (*see, e.g.*, Tr. 170-172, 232-234, 261-263, 267, 315-318, 348-349, 351-352, 356-357, 362-364, 377-379, 381-382, 387-388, 394-397, 402, 407, 413-416, 439-442 & 444). Accordingly, it is incumbent upon the ALJ to quantify such pain, based upon the evidence of record, and pose questions to a VE about the impact of such impairment and the limitations attributable to that impairment, upon plaintiff's ability to perform the physical and mental requirements of other work in the national economy.

.

It should also be noted that the ALJ's reliance upon the consultative examination of Dr. L. D. McLaughlin to establish that plaintiff can perform the exertional requirements of sedentary work is curious since the family practitioner simply stated "I feel that Ms. Brenda Casey is unable to do prolonged walking, lifting or carrying objects which she did in her previous job due to stated back pain." (Tr. 234) Nothing about this statement, by implication, establishes that plaintiff can perform the exertional requirements of the full range of sedentary work and the ALJ points to no RFC evidence of record in support of his conclusion.[3] This Court has held on numerous occasions that the Commissioner's fifth-step burden must be supported by the residual functional capacity assessment of a treating or examining physician. Such an assessment particularly is warranted where, as here, the ALJ has rejected the only RFC assessment in the record completed by an examining physician (*see* Tr. 354 (PCE completed by Dr. Joseph Walsh on December 27,

---

[3] The ALJ does mention the physical residual functional capacity assessment completed by disability specialist Chris Edwards. (Tr. 236-243) However, the ALJ specifically concluded that plaintiff could perform only sedentary work, as opposed to the light work found by the disability specialist. (Tr. 28) As this Court has previously found, an RFC assessment completed by a disability specialist is entitled to no weight. *Cf. Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990) (the opinion of a non-examining, reviewing physician "is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision.").

2006)). Accordingly, this additional error need be corrected on remand.

**CONCLUSION**

It is **ORDERED** that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** this the 19th day of June, 2008.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**